Scott Edward Cole, Esq. (S.B. #160744)
Matthew R. Bainer, Esq. (S.B. #220972)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
web: www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VETRA PERRY-ROMAN, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

AIG RETIREMENT ADVISORS, INC. and THE VARIABLE ANNUITY LIFE INSURANCE COMPANY,

Defendants.

**Case No.: 3:08-CV-05320 JSW**

**CLASS ACTION**

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

**DEMAND FOR JURY TRIAL**

Representative Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. This is a class action, seeking unpaid wages, including unpaid overtime compensation and interest thereon, meal and rest period compensation, waiting time penalties, and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, Title 8 of the California Code of Regulations, Labor Code §§ 200, 201, 202, 203, 204, 218, 218.6, 221, 223, 226, 226.7, 510, 1174 and 1194, Business and Professions Code §§ 17200, *et. seq*. and Code of Civil Procedure § 1021.5.

///

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2. Representative Plaintiff Vetra Perry-Roman ( "Representative Plaintiff") brings this action on behalf of herself and all other persons similarly situated ( "class members" or "plaintiff class"), who are, or have been, employed as Financial Advisors by defendants AIG Retirement Advisors, Inc. ("AIG") and The Variable Annuity Life Insurance Company ("VALIC") (collectively, "Defendants"), in any position to sell or market (or to assist in selling or marketing) securities and other financial products to the public on its behalf within the applicable statutory period.

3. The "class period" is designated as the time from November 17, 2004 through the conclusion of trial on all issues presented in this action, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

4. During the class period, Defendants have had a consistent policy of (1) requiring class members to work in excess of eight hours per day and in excess of forty hours per week without paying them overtime compensation as required by state and federal wage and hour laws; (2) denying class members statutorily-mandated meal and rest periods, under California law; (3) willfully failing to pay compensation (including unpaid overtime and/or compensation for working through meal and/or rest periods) in a prompt and timely manner to those class members whose employment with Defendants has terminated; (4) willfully failing to provide class members with accurate semimonthly itemized wage statements of the total number of hours each of them worked, the applicable deductions and the applicable hourly rates in effect during each pay period; and (5) unlawfully deducting and/or withholding amounts earned by Representative Plaintiff and the class members from their monthly commission paychecks.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**INTRODUCTION**

5. California Labor Codes and Industrial Welfare Commission Wage Orders provide expansive protection to hourly workers, including, but not necessarily limited to, entitlements to overtime pay and work performed beyond eight hours per day and substantial penalties for the denial of rest and meal periods.

///

6. Defendants provide financial products and services to the public. Representative Plaintiff is informed and believes and, based thereon, alleges that, within the class period, Defendants have operated numerous facilities throughout California. In doing so, Defendants have employed hundreds of individuals in recent years alone in allegedly exempt Financial Advisor positions, employment positions which have not, and currently do not, meet any test for exemption from the payment of overtime wages.

7. Moreover, during the class period, Defendants unlawfully deducted and/or retained monies from commission paychecks issued to Representative Plaintiff and class members, in violation of California labor law.

8. Representative Plaintiff is informed and believes and, based thereon, alleges that Defendants' officers knew of these facts and legal mandates, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

9. Despite Defendants' knowledge of the plaintiff class' entitlement to premium (overtime) pay for excess hours worked and meal and rest periods, as well as "commission" compensation, they failed to provide or require the use, maintenance or submission of accurate and complete time records by members of the plaintiff class, in violation of California Labor Code § 1174(d).

10. By electing not to pay overtime and "waiting time" penalties, and by unlawfully deducting sums from their employees' commission paychecks, retaining such monies for Defendants' own use, Defendants have enjoyed an advantage over its competition while significantly disadvantaging its' workers. This action is brought to redress and end this long-time pattern of unlawful conduct.

**JURISDICTION AND VENUE**

11. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. § 1332(d)(2)(A). At the time of this Complaint, diversity of jurisdiction existed, and continues to exist, between Defendants and one or more members of the putative class. In addition, the amount in

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

controversy exceeds $5,000,000.00, exclusive of interest and costs. Therefore, this court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

**PLAINTIFF(S)**

12. Representative Plaintiff is a natural person and was, during the class period, defined herein, employed by defendants AIG Retirement Advisors, Inc. and Variable Annuity Life Insurance Company in the job position of Financial Advisor (as defined herein) at a branch located in California.

13. In said position, Representative Plaintiff was repeatedly paid a substandard wage insofar as she was denied full pay for all hours worked, including overtime pay, and was frequently permitted to work, and did work during the class period, shifts exceeding four hours (or a major fraction thereof) without being afforded ten minute rest periods, and for shifts exceeding five hours without being afforded mandatory meal periods. Further, Defendants withheld commission-based wages to Representative Plaintiff on numerous occasions, without any legal justification therefor. Representative Plaintiff is informed and believes, and based thereon, alleges that Defendants' conduct is/was commonplace at every facility operated thereby.

14. As used throughout this Complaint, the terms "Plaintiff" and/or "class" refer to the Representative Plaintiff herein as well as each and every person eligible for membership in the plaintiff class, as further described and defined below.

15. At all times herein relevant, Representative Plaintiff was a person within the class of persons further described and defined herein.

**DEFENDANTS**

16. At all times herein relevant, AIG was and is a Texas corporation with offices located within this judicial district and across California.

17. At all times herein relevant, VALIC was and is a Texas corporation with offices located within this judicial district and across California.

18. Representative Plaintiff is informed and believes and, on that basis, alleges that at

all relevant times herein mentioned, each person responsible for the acts alleged herein was the agent and/or employee of Defendants and, in doing the acts alleged herein, was acting within the course and scope of such agency and/or employment.

19. Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, the defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the scope of, and in pursuance of said joint venture, partnership, and common enterprise.

**CLASS ACTION ALLEGATIONS**

20. The Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, as set forth herein, including, but not necessarily limited to, the following class:

> All persons who were employed as Financial Advisors (also referred to as "Stockbrokers" and/or "Representatives") by AIG Retirement Advisors, Inc. and/or The Variable Annuity Life Insurance Company in California at any time on or after November 17, 2004.

21. AIG Retirement Advisors, Inc., the Variable Annuity Life Insurance Company, and their officers and directors, are excluded from the class.

22. This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable, to wit:

a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the class are so numerous that the joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes that there are well over a hundred individuals within the plaintiff class.

b. Commonality: The Representative Plaintiff and the class members share a community of interests, in part, since there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy. Consequently, class certification is proper under F.R.C.P. Rule 23. These common questions include, but are not necessarily limited to:

1. whether Defendants violated California laws by failing to pay

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

        overtime compensation to their Financial Advisors who worked in excess of eight (8) hours per day or forty (40) hours per week;

2. whether Defendants violated California Labor Code §§ 226.7 and/or 512 by failing to consistently provide uninterrupted meal and/or rest periods to Representative Plaintiff and class members;

3. whether Defendants violated California Business & Professions Code §§ 17200, *et. seq.* by engaging in unfair, unlawful and/or fraudulent business practices;

4. whether Defendants violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

5. whether Defendants violated California Labor Code §§ 201, 202, 203 and 204 by failing to pay wages due and owing at the time that class members' employment with them terminated;

6. whether Defendants violated California Labor Code § 226 by failing to provide semimonthly itemized wage statements to class members of total hours worked by each, and all applicable hourly rates in effect during the pay period;

7. whether Defendants violated IWC Wage Orders and Labor Code Section 204, *et. seq.* by unlawfully failing to pay amounts of earned compensation to their employees; and

8. whether Representative Plaintiff and class members are entitled to "waiting time" penalties pursuant to California Labor Code § 203.

c. Typicality: Representative Plaintiff's claims are typical of the claims of members of the plaintiff class. Representative Plaintiff and all members of the class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California law, as alleged herein.

d. Superiority of Class Action: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for class members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Moreover, Representative Plaintiff is informed and believes, and based thereon, alleges that Defendants, in refusing to pay overtime to class members, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class. Consequently, class action certification is proper under F.R.C.P. Rule 23.

e. Adequacy of Representation: Representative Plaintiff in this class action is

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

> an adequate representative of the class, in that the Representative Plaintiff's claims are typical of those of the class and Representative Plaintiff has the same interests in the litigation of this case as the class members. Representative Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class. Representative Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

23. As described herein, Defendants have, for years, knowingly failed to adequately compensate their Financial Advisors for all wages earned, including premium overtime pay, due under California Labor Code §§ 204 and 510, and/or the applicable California IWC Wage Order. Additionally, Defendants have a practice and policy of unlawfully deducting and/or withholding amounts of earned wages from class members' "commission" paychecks. Moreover, Defendants have knowingly failed to provide class members with mandatory meal and rest periods, thereby enjoying a significant competitive edge over other financial services firms.

24. Even upon the termination or resignation of the employment of Representative Plaintiff and numerous class members during the class period, Defendants declined to pay these wages, in violation of California Labor Code §§ 201 and/or 202.

25. Through the misclassification of Representative Plaintiff and the class members as overtime-exempt employees, Defendants have also incorrectly and unlawfully treated class members as exempt from the meal and rest period requirements established by California Labor Code §§ 226.7 and 512 and §§ 11 and 12 of the applicable California IWC Wage Order. Representative Plaintiff and the class members are and/or were unlawfully denied meal breaks and rest periods required by law.

26. Moreover, California Labor Code §§ 201 and 202 require Defendants to pay all severed employees  wages due, immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that, if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, for a period not

to exceed 30 days of wages.

///

27. Furthermore, despite their knowledge of Representative Plaintiff's and the class members' entitlement to compensation for all hours worked, Defendants violated California Labor Code § 1174(d) by failing to provide or require the use, maintenance or submission of accurate time records by members of the class. Defendants also failed to provide Representative Plaintiff and class members with accurate semimonthly itemized wage statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In so doing, Defendants have not only failed to pay its workers the full amount of compensation due, they have, until now, effectively shielded themselves from their employees' scrutiny of their unlawful conduct by concealing the magnitude (i.e., the full number of hours worked) and financial impact of their wrongdoing.

28. Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite the termination of certain class members' employment with Defendants.

29. More than 30 days have passed since certain class members have left Defendants' employ.

30. As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, certain class members are entitled to 30 days wages, as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

31. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, as described above, including loss of earnings for wages earned, including overtime wages and wages for commissions accrued and owed (pursuant to California Labor Code §§ 204 and 510), "waiting time" penalties (pursuant to California Labor Code § 203), loss of earnings for failure to provide regular meal and rest periods (pursuant to California Labor Code §§ 226.7 and 512), penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226), in amounts to be established at trial. As a further direct and proximate result of Defendants'

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

unlawful conduct, as set forth herein, Representative Plaintiff and class members are also entitled to recover costs and attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5, among other authorities.

32. Representative Plaintiff seeks injunctive relief, prohibiting Defendants from engaging in the illegal labor acts described herein in the future. Representative Plaintiff also seeks restitution of costs incurred by Representative Plaintiff and class members under California's Unfair Competition Law. Unless enjoined, Defendants' unlawful conduct will continue unchecked, while Representative Plaintiff and class members bear the financial brunt of Defendants' wrongdoing. As a further direct and proximate result of this conduct, Representative Plaintiff and the class are also entitled to recover costs and attorneys' fees, pursuant to statute.

**FIRST CLAIM FOR RELIEF**
**UNLAWFUL FAILURE TO PAY ALL WAGES DUE (INCLUDING OVERTIME)**
**(Violation of California Wage Order and California Labor Code)**

33. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

34. On one or more dates during the class period, Representative Plaintiff and each class member were employed by and did perform work for Defendants, oftentimes in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of hours and the attendant damages will be proven, in a formulaic manner, at trial.

35. On one or more dates during the class period, Defendants withheld amounts accrued and owing on commissions earned by Representative Plaintiff and class members.

36. During said time period, Defendants refused to compensate Representative Plaintiff and class members for some and/or all of the wages due to them, including overtime wages, compensation for missed meal and/or rest periods, and/or amounts owed as commission payments, in violation of the applicable California Wage Order and/or the California Labor Code.

37. Moreover, during said time period, many of the class members herein were employed by and were thereafter terminated or resigned from their positions with Defendants, yet were not paid all wages due upon said termination or within 72 hours of said resignation of employment

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

therefrom. Said non-payment of all wages due was the direct and proximate result of a willful refusal to do so by Defendants.

38. At all relevant times, Defendants were aware of and were under a duty to comply with various provisions of the applicable IWC California Wage Order as well as California Labor Code §§ 201, 202, 203, 204 and 510.

39. By refusing to compensate Representative Plaintiff and class members for all wages earned, Defendants violated those California Labor Codes and IWC Wage Order provisions cited herein.

40. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established, in a formulaic manner, at trial, plus interest thereon. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
**(California Labor Code §§ 226.7 and 512)**

41. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

42. At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code §§ 226.7 and 512.

43. Specifically, California Labor Code § 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
>
> (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal

> or rest period is not provided.

///

///

44. Moreover, California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

45. At all relevant times, Defendants were aware of and were under a duty to comply with the applicable IWC Wage Order.

46. Specifically, Section 11 of the applicable IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes .... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

47. Moreover, Section 12 of the applicable IWC Wage Order provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

48. By failing to consistently provide uninterrupted thirty-minute meal periods within

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

the first five hours of work each day and/or uninterrupted ten-minute rest periods to Representative Plaintiff and the class members, Defendants violated these California Labor Codes and IWC Wage Order provisions.

49. Representative Plaintiff is informed and believes and, based thereon, alleges that Defendants have never paid the one hour of compensation due to any class member as a result of their violations of these California Labor Codes and IWC Wage Order provisions.

50. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and class members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established, in a formulaic manner, at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and class members are entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**THIRD CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226, 1174)**

51. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

52. California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

53. Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional

> failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

54. Defendants failed to provide timely, accurate itemized wage statements to Representative Plaintiff and class members in accordance with California Labor Code § 226(a). Specifically, none of the statements provided by Defendants to Representative Plaintiff and class members has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions therefor.

55. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and class members seek to recover penalties, in amounts to be established, in a formulaic manner, at trial, as well as costs and attorneys' fees, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**FOURTH CLAIM FOR RELIEF**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**
**(California Business & Professions Code §§ 17200, *et seq*.)**

56. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

57. Representative Plaintiff brings this cause of action, seeking equitable, injunctive and statutory relief to stop the misconduct of Defendants, as complained of herein, and seeking restitution from Defendants through the unfair, unlawful and fraudulent business practices described herein.

58. The knowing conduct of Defendants, as alleged herein, constitutes an unlawful, unfair and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200, *et seq*. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

59. Defendants' knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to Defendants' competitors, engenders

an unfair competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200, *et seq*.

60. Defendants have clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and the class herein alleged, as incidental to their business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendants and as set forth in legislation and the judicial record.

## RELIEF SOUGHT

**WHEREFORE, Representative Plaintiff**, on behalf of herself and the proposed **plaintiff class**, prays for judgment and the following specific relief against **AIG Retirement Advisors, Inc.** and **The Variable Annuity Life Insurance Company**, as follows:

1. That the Court declare, adjudge and decree that this action is a proper class action and certify the proposed class and/or any other appropriate subclasses under F.R.C.P. Rule 23;

2. That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to Representative Plaintiff and the plaintiff class;

3. That the Court declare, adjudge and decree that Defendants violated the wage payment provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order governing commission wages as to Representative Plaintiff and the plaintiff class;

4. That the Court make an award to Representative Plaintiff and class members of damages for the amount of unpaid compensation, including interest thereon, and penalties, in amounts to be proven, in a formulaic manner, at trial;

5. That the Court declare, adjudge and decree that Defendants violated their legal duties under California Labor Code §§ 226.7 and/or 512 and the relevant sections of the applicable IWC Wage Order to pay wages for missed meal and/or rest periods;

6. That the Court make an award to Representative Plaintiff and the class members of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was due but not provided;

7. That the Court make an award to Representative Plaintiff and the class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was due but not provided;

8. That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code §§ 226(a) and 1174(d) and the applicable California IWC Wage Order as to Representative Plaintiff and the class members, and willfully failed to provide accurate semimonthly itemized wage statements thereto;

9. That the Court declare, adjudge and decree that Defendants violated California Labor Code §§ 201 and 202 for willful failure to pay all compensation owed on or about the time of severance of employment of certain class members, and are therefore required to pay waiting time penalties thereto, pursuant to California Labor Code § 203;

10. That the Court declare, adjudge and decree that Defendants violated California Business & Professions Code §§ 17200, *et*. *seq*. by failing to pay Representative Plaintiff and class members overtime and/or other forms of compensation and, generally, by misclassifying Representative Plaintiff and the class members as overtime-exempt employees;

11. For an Order requiring Defendants to pay restitution to Representative Plaintiff and the class members as a result of Defendants' unfair, unlawful and/or fraudulent activities, pursuant to Business & Professions Code §§ 17200, *et*. *seq*.;

12. For an injunction, enjoining Defendants to cease and desist from further unfair, unlawful and/or fraudulent activities in violation of California Business & Professions Code § 17200, *et seq*.;

13. For punitive/exemplary damages in an amount appropriate and sufficient to punish Defendants from engaging in similar misconduct in the future;

14. For all other Orders, findings, and determinations identified and sought in this Complaint;

15. For interest on the amount of any and all economic losses, at the prevailing legal rate;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

16. For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Civil Code § 1021.5; and

17. For costs of suit and any and all such other relief as the Court deems just and proper.

///

///

**JURY DEMAND**

The Representative Plaintiff and the plaintiff class hereby demand trial by jury on all issues triable of right by jury.

Dated: February 6, 2009

**SCOTT COLE & ASSOCIATES, APC**

By: /s/ Matthew R. Bainer
Matthew R. Bainer, Esq.
Attorneys for the Representative Plaintiff and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE WACHOVIA TOWER
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800