ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
JOHN R. GIOVANNONE (SB# 239366)
johngiovannone@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
AIG RETIREMENT ADVISORS, INC. and
THE VARIABLE ANNUITY LIFE INSURANCE
COMPANY

*Attorneys for Plaintiff on next page*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VETRA PERRY-ROMAN, individually, and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     vs.<br><br>AIG RETIREMENT ADVISORS, INC. and THE VARIABLE ANNUITY LIFE INSURANCE COMPANY,<br><br>          Defendant. | CASE NO. CV09-2287 DOC (RNBx)<br><br>**ORDER RE AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**<br><br>Judge:        Hon. David O. Carter<br>Mag. Judge:   Hon. Robert N. Block |

AMND. STIPULATED CONFIDENTIALITY
AGREEMENT & AGREED PROTECTIVE
ORDER

1    SCOTT EDWARD COLE (SB# 160744)
     scole@scalaw.com
2    MATTHEW R. BAINER (SB# 220972)
     mbainer@scalaw.com
3    SCOTT COLE & ASSOCIATES, APC
     1970 Broadway, Ninth Floor
4    Oakland, California 94612
     Telephone:  (510) 891-9800
5    Facsimile:  (510) 891-7030

6    Attorneys for Representative Plaintiff
     VETRA PERRY-ROMAN
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. CV09-2287 DOC (RNBx)

STIPULATED CONFIDENTIALITY
AGREEMENT & AGREED PROTECTIVE
ORDER

1  **STIPULATED CONSOLIDATED CONFIDENTIALITY**
2  **AGREEMENT AND AGREED PROTECTIVE ORDER**

3

4  Plaintiff Vetra Perry-Roman ("Plaintiff") and Defendants AIG

5  Retirement Advisors, Inc. (now known as VALIC Financial Advisors ("VFA")) and

6  The Variable Annuity Life Insurance Company ("VALIC") (collectively

7  "Defendants"), anticipate that the discovery procedures in this case may require

8  disclosure of information, either documentary or testimonial or both, regarded by

9  the producing party as confidential and private information incorporating

10  proprietary data, know-how, trade secrets, other valuable commercial information,

11  and confidential and private information concerning parties, witnesses, and persons

12  not party to this action.  Accordingly, the parties, by and through their respective

13  attorneys, stipulate and agree to the following terms and conditions in order to

14  safeguard confidential information that may be disclosed in the course of these

15  consolidated cases:

16      1.   Definitions:

17          (a)   Confidential Information:  As used herein, "confidential

18  information" shall mean any information, documents, testimony or other things

19  furnished in the course of this litigation containing proprietary and/or personnel

20  information that any party, in good faith, deems confidential and designates as

21  "CONFIDENTIAL" pursuant to the procedures set forth below.  The term shall

22  include information, documents, testimony or other things obtained by any party

23  from a third party via subpoena, deposition or other discovery.  The term

24  "documents" shall be broadly construed to include information that is recorded in

25  any form, including but not limited to hard copy, electronic copy and video.

26          CONFIDENTIAL information does not include information that lawfully has

27  been publicly disclosed.  Where a party lawfully has or receives information or

28  documents from a person or entity not a party to this case, and where the

CV09-2287 DOC (RNBx)                    -1-                    STIPULATED CONFIDENTIALITY
                                                              AGREEMENT & AGREED PROTECTIVE
                                                              ORDER

1    information is not provided pursuant to a subpoena, deposition, or other discovery

2    proceeding in this litigation, that information will not be treated as

3    CONFIDENTIAL, except that:  (1) any party may retroactively designate as

4    "CONFIDENTIAL" any information obtained or received by another party from a

5    person or entity not a party to this case if the designating party believes the

6    information was unlawfully obtained or received by the person or entity not a party

7    to this case.  (In such circumstances, the party who or which obtained the

8    information from the third person may seek relief from the "CONFIDENTIAL"

9    designation pursuant to paragraph 10 of this Protective Order.); and (2) information

10    maintained or received by a party's present or prior vendors may be designated as

11    "CONFIDENTIAL" if it is produced by a party or vendor in this litigation.

12            (b)    <u>Attorneys' Eyes Only Information</u>:  Any confidential document

13    or testimonial information produced by any party which contains trade secrets or

14    private, confidential information with respect to Plaintiff, class members, VFA,

15    VALIC, VALIC's employees or former employees, and other witnesses may be

16    designated in writing as "ATTORNEYS' EYES ONLY" or "ATTORNEY'S EYES

17    ONLY" (individually and collectively "ATTORNEYS' EYES ONLY").  The term

18    "trade secrets" as used herein means information that derives economic value,

19    actual or potential, from not being generally known to other persons who can obtain

20    competitive advantage or economic value from its disclosure or use.  "Trade

21    secrets" also means sensitive financial information integral to the business

22    operations of a party for which the party has a demonstrably compelling interest in

23    avoiding disclosure.  Designation of information as "ATTORNEYS' EYES

24    ONLY" means that the information is also designated as CONFIDENTIAL, as

25    defined in this Protective Order.  Examples of the types of information that may be

26    designated as ATTORNEYS' EYES ONLY include, but are not limited to:

27            (1)    Proprietary information containing trade secrets of a party;

28            (2)    Personnel information incorporating trade secrets of a party;

(3)     Marketing and business plans of a party;

(4)     Confidential information that individually identifies any current or prospective customer or supplier of a party; and

(5)     Private, confidential information as defined below.

As used herein, "trade secrets" does not include the location of the names and location of companies that have been acquired by or merged with VALIC or VFA; job descriptions and other materials posted or distributed to potential applicants (internal or external to the company) to advertise or describe jobs and job openings within VALIC; job titles of jobs within the VALIC organization; press releases issued by VALIC or VFA; articles or other information published in the press or posted on the internet; financial reports filed by VFA or VALIC with the Securities and Exchange Commission ("SEC"), Securities Investor Protection Corporation ("SIPC"), the National Association of Securities Dealers ("NASD"), or the Financial Industry Regulatory Authority ("FINRA"); information that has been filed in litigation without being subject to a confidentiality or protective order; or other information that has been disclosed to the public.  If it satisfies the other provisions of this Stipulation and Order, however, such information may be designated as "CONFIDENTIAL."

The term "private, confidential information" as used herein means potentially embarrassing and/or private personal information and includes the following information with respect to a person or any of the person's dependents or family members:  hourly rates of pay, salary or commission earnings or pay, including the pay rates and earnings of FAs; performance evaluations and disciplinary documents; applications for employment, offer letters and/or similar employment documents; medical history or conditions or treatment; psychotherapy or other counseling; substance abuse or substance abuse treatment; arrests or criminal conviction; government investigation; social security number; tax liability, tax filings, or failure to file tax returns; child support obligations or payments; divorce

AMND. STIPULATED CONFIDENTIALITY
AGREEMENT & AGREED PROTECTIVE
ORDER

or separation; child custody; domestic disputes or orders of protection; prior marriages; children born out of wedlock; adoption or foster care; government action or investigation with respect to child care; citizenship or immigration status; wage garnishment, credit status, credit history, less than honorable discharge from the military; or bankruptcy (whether personal bankruptcy or of a company in which the person was a majority owner).  "Private, confidential information" does not include job assignments, job titles, work duties, job history, education, or numerical performance ratings.  If it satisfies the other provisions of this Protective Order, such information may be designated as "CONFIDENTIAL."

ATTORNEYS' EYES ONLY information does not include information that lawfully has been publicly disclosed.  Where a party lawfully has or receives information or documents from a person or entity not a party to this case, and where the information is not provided pursuant to a subpoena, deposition, or other discovery proceeding in this litigation, that information will not be treated as ATTORNEYS' EYES ONLY, except that:  (1) any party may retroactively designate as "ATTORNEYS' EYES ONLY" any information obtained or received by another party from a person or entity not a party to this case if the designating party believes the information was unlawfully obtained or received by the person or entity not a party to this case.  (In such circumstances, the party who or which obtained the information from the third person may seek relief from the "ATTORNEYS' EYES ONLY" designation pursuant to paragraph 10 of this Protective Order.); and (2) information maintained or received by a party's present or prior vendors may be designated as "ATTORNEYS' EYES ONLY," if it is produced by a party or vendor in this litigation.

2.   <u>Marking of Confidential Information and/or Attorneys' Eyes Only Information</u>:

(a)   <u>Marking</u>:  Documents, information, or tangible items shall be designated CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within the meaning of this Protective Order in the following ways:

(1)   In the case of documents or tangible items and the information contained therein that are produced by any party, designation shall be made by placing on each page of the document, or on the tangible item with a clearly visible mark, the legend CONFIDENTIAL and/or ATTORNEYS' EYES ONLY on which a designation is sought.

(2)   In the case of documents or tangible items and the information contained therein that are obtained by subpoena or other discovery from third parties, designation shall be made as follows:  Upon receipt by the receiving party, the documents or tangible things automatically shall be deemed CONFIDENTIAL and ATTORNEYS' EYES ONLY.  The receiving party shall furnish a copy thereof to all parties within ten (10) business days of receipt.  (If the material cannot be reproduced for any legitimate reason, all parties shall be given an opportunity to inspect it.)  All parties thereafter shall have thirty (30) calendar days within which to formally designate the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.  Should any party desire to so designate the document or tangible thing, it shall be labeled accordingly from that point forward and bear that designation unless contested pursuant to Section 8. If no party designates the document or tangible thing as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY within said thirty (30)-day period, then the CONFIDENTIAL and/or ATTORNEYS' EYES ONLY designation will terminate.

(3)   In the case of interrogatory answers and requests for admission and the information contained therein, designation shall be made by

1    placing on the pages containing the confidential information the legend

2    CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

3                    (4)      In the case of tangible items, designation shall be made by

4    visibly marking the item CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

5                    (5)      In producing original files and records for inspection, no

6    marking need be made by the producing party in advance of the inspection.  For the

7    purposes of the inspection, all documents produced shall be considered as marked

8    CONFIDENTIAL and ATTORNEYS' EYES ONLY and inspected only by

9    counsel, their staff and services retained by counsel to photocopy or image

10   documents or evidence, except as otherwise limited herein.  Thereafter, upon

11   selection of specified documents for copying by the inspecting party, the producing

12   party shall mark as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY the

13   copies of such documents as may contain confidential information at the time the

14   copies are produced to the inspecting party.

15            (b)      Good Faith:  The parties agree to designate information as

16   CONFIDENTIAL or ATTORNEYS' EYES ONLY on a good faith basis and not

17   for purposes of harassing the receiving party or parties or for purposes of

18   unnecessarily restricting the receiving party's or parties' access to information

19   concerning the lawsuit.

20            (c)      Receipt of Designated Information:  Except as permitted by

21   further order of the court, or by subsequent written agreement of the producing

22   party, such designated documents or testimonial information shall be received by

23   counsel of record for the party or parties upon the terms and conditions of this

24   Protective Order.

25            (d)      Unmarked documents to be produced for use at trial:  In advance

26   of a jury trial or any proceeding to be held before a jury, if a document that has

27   been listed by any party for use as a trial exhibit, the party that has produced that

28   document will provide a copy of the document that does not have a written

1    designation on it that it is CONFIDENTIAL or ATTORNEYS' EYES ONLY.  The

2    production of that copy or use of it at trial will not affect or alter the status of the

3    document as CONFIDENTIAL or ATTORNEYS' EYES ONLY or otherwise

4    amend or alter any of the other provisions of this Protective Order.

5              3.    <u>Right of Access to Designated Information</u>:

6                   (a)    <u>CONFIDENTIAL Information</u>:  Disclosure of information

7    designated as CONFIDENTIAL, including summaries thereof, shall be limited to

8    the Court; the parties' counsel of record in the instant action; VFA's or VALIC's or

9    their affiliated companies' in-house counsel or otherwise specifically identified

10   counsel for VALIC or VFA or their affiliated companies; and associate attorneys

11   and paralegal and clerical employees assisting any of these counsel; VALIC or

12   VFA or their affiliated companies and their officers and directors; and to the

13   following persons, who shall be required to first execute the requisite declaration as

14   set forth in subsection (d) below:  (i) VALIC's or VFA's managers and human

15   resources staff, but only to the extent to which disclosure to them is reasonably

16   necessary to evaluate and defend against the claims in this case (ii) Plaintiff;

17   (iii) consultants or experts retained by the parties to consult or testify in the case

18   and their employees if assisting any of these consultants and experts; (iv) court

19   reporters and videographers of sworn proceedings; (v) services retained by counsel

20   to photocopy or image or keypunch information from documents or evidence or to

21   prepare charts, summaries, timelines, illustrations, or other demonstrative materials

22   to be used in the litigation; (vi) any person that a document, on its face, indicates

23   has previously seen, or has been sent the designated information, such as authors,

24   drafters, recipients and copyholders of the documents or information; and

25   (vii) witnesses and prospective witnesses to the extent deemed necessary by counsel

26   to prepare for or give testimony regarding facts at issue in this litigation, or to assist

27   counsel in performing work in this litigation, but as to this category.  Disclosure of

28   CONFIDENTIAL information to any expert or consultant, their employees if

1    assisting any expert or consultant, or other service-provider assisting counsel shall

2    be limited to that confidential information necessary for the consultation work or

3    preparation to testify.  In no case shall CONFIDENTIAL information be disclosed

4    to any person or entity who competes directly or indirectly with VALIC or VFA (a

5    "competitor").

6              (b)      ATTORNEYS' EYES ONLY Information:

7                      (1)      Disclosure of information designated as ATTORNEYS'

8    EYES ONLY, including summaries thereof, shall be limited to the Court; the

9    parties' counsel of record in the instant action; VALIC's or VFA's or their affiliated

10   companies' in-house counsel or otherwise specifically identified counsel for

11   VALIC or VFA or their affiliated companies; and associate attorneys and paralegal

12   and clerical employees assisting any of these counsel; VALIC or VFA or their

13   affiliated companies and their officers, directors, managers and human resources

14   staff, but only to the extent to which disclosure to them is reasonably necessary to

15   evaluate and defend against the claims in this case; and to the following persons,

16   who shall be required to first execute the requisite declaration as set forth in

17   subsection 3(d) below:  (i) court reporters and videographers of sworn proceedings

18   in which the ATTORNEYS' EYES ONLY information is raised; (ii) services

19   retained by counsel to photocopy or image or keypunch information from

20   documents or evidence or to prepare charts, summaries, timelines, illustrations, or

21   other demonstrative materials to be used in the litigation; (iii) experts or consultants

22   (not including competitors) retained by the parties and their employees if assisting

23   any of these consultants or experts; and (iv) deponents as set forth in Section 3(e)

24   below.

25                     (2)      Any of the following information, as it pertains to

26   Plaintiff, to the extent it has been designated as ATTORNEYS' EYES ONLY

27   information, may be shown to Plaintiff so long as counsel retains physical custody

28   of the ATTORNEYS' EYES ONLY document or other tangible thing:

(i)     Any information that describes work performed by Plaintiff or any assessment of such work; information describing Plaintiff's compensation; Plaintiff's application(s) for work at VALIC; the regions and districts in which Plaintiff worked; Plaintiff's job title(s); the dates of Plaintiff's employment and dates in each job title; and disciplinary or warning or termination notices addressed to the Plaintiff; and

(ii)     Any summary prepared from ATTORNEYS' EYES ONLY information (so long as the summary does not name any specific individuals other than Plaintiff by name or other identifiable description).  By entering into this Stipulation plaintiff and her counsel are not agreeing that the information described in this section (ii) may properly be designated as ATTORNEYS' EYES ONLY information.

(3)     If it becomes necessary for counsel for a party or parties receiving ATTORNEYS' EYES ONLY information to disclose it to some other person(s) (other than Plaintiff as set forth in (i) and (ii) immediately above), in order to properly prepare this litigation for trial, or for other court proceedings or filings in this litigation, or to evaluate the facts, claims, and defenses for purposes of discussing settlement of this litigation, the following procedures shall be employed:

(i)     Counsel for the receiving party or parties shall notify, in writing by overnight delivery or e-mail or fax, counsel for the party producing the ATTORNEYS' EYES ONLY information of their desire to disclose such ATTORNEYS' EYES ONLY information and shall identify the persons(s) to whom they intend to make disclosure and the general purpose of the disclosure.

(ii)     If no objection to such disclosure is made by counsel for the producing party within three (3) business days of receipt of such notification, counsel for the receiving party or parties shall be free to make such disclosure to the designated person(s); provided however, that counsel for the

AMND. STIPULATED CONFIDENTIALITY
AGREEMENT & AGREED PROTECTIVE
ORDER

1  receiving party or parties shall serve upon opposing counsel, prior to disclosure, a

2  declaration in the form attached hereto as Appendix A, whereby such person agrees

3  to comply with and be bound by this Protective Order.

4              (iii)    If the producing party objects to such disclosure,

5  the party wishing to make such disclosure may bring before the Court the question

6  of whether the particular ATTORNEYS' EYES ONLY information can be

7  disclosed to the designated person(s) and the party objecting to such disclosure

8  shall have the burden of establishing before the Court the necessity for preventing

9  such disclosure.

10      Disclosure of ATTORNEYS' EYES ONLY information shall be limited to

11  that information necessary for the witness' consultation work or preparation to

12  testify.

13          (c)    Prohibition Against Disclosure to Unauthorized Persons:

14          (1)    With respect to all documents, information, or tangible

15  items produced or furnished by a party during this litigation which are designated

16  as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party, such

17  information shall be kept confidential and shall not be given, shown, made

18  available, discussed, or otherwise communicated in any manner ("disclosed"),

19  either directly or indirectly, to any person not authorized to receive the information

20  under the terms of this Protective Order.  CONFIDENTIAL and ATTORNEYS'

21  EYES ONLY information received by any authorized person shall be used only for

22  purposes of this litigation and for no other purpose.  Nothing in this Protective

23  Order shall be construed as authorizing a party to disobey a lawful subpoena issued

24  in another action.

25          (d)    Requirement to Obtain a Written Declaration:  Before disclosure

26  of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information subject to

27  this Protective Order, to anyone only authorized to see the document or other

28  information following that person's execution of a declaration in the form attached

1   hereto as Appendix A in keeping with the provisions of paragraphs 3(a) and 3(b) of

2   this Agreement, counsel for the party disclosing the information shall obtain a

3   written declaration, in the form attached hereto as Appendix A, from each person to

4   whom disclosure is to be made, acknowledging that any document, information or

5   tangible item that has been designated as CONFIDENTIAL or ATTORNEYS'

6   EYES ONLY is subject to this Protective Order, that the person has read this

7   Protective Order, that such person agrees to comply with and be bound by this

8   Protective Order, that such person is aware that contempt sanctions may be entered

9   for violation of this Protective Order, and that such person consents to the personal

10  jurisdiction of this Court.  The originals of all signed declarations shall be

11  maintained by the party who procures the signature throughout the duration of this

12  litigation, including all appeals.  This "Requirement to Obtain a Written

13  Declaration" does not apply to the Court or any Court personnel.

14          (e)     <u>Use of Designated Information in Depositions</u>:  If, in the course

15  of this proceeding, depositions are conducted which involve CONFIDENTIAL or

16  ATTORNEYS' EYES ONLY information, counsel for the witness or party

17  producing such information may designate, on the record, the portion of the

18  deposition which counsel believes may contain CONFIDENTIAL or

19  ATTORNEYS' EYES ONLY information.  If designation of CONFIDENTIAL

20  information is made, those portions of said depositions involving such

21  CONFIDENTIAL information will be taken with no one present except (i) the

22  parties' counsel of record in the instant action and any in-house counsel for VALIC

23  and/or VFA; (ii) Plaintiff, (iii) a representative of VALIC and/or VFA selected by

24  VALIC and/or VFA, (iv) those persons who are authorized to have access to such

25  CONFIDENTIAL information in accordance with this Protective Order, (v) the

26  reporter and videographer, if any, and (vi) the deponent and deponent's counsel, if

27  the deponent has separate legal counsel.  If designation of ATTORNEYS' EYES

28  ONLY information is made, those portions of said depositions involving such

AMND. STIPULATED CONFIDENTIALITY
AGREEMENT & AGREED PROTECTIVE
ORDER

ATTORNEYS' EYES ONLY information will be taken with no one present except (i) counsel for the parties and any in-house counsel for VALIC and/or VFA, (ii) those persons who are authorized to have access to such ATTORNEYS' EYES ONLY information in accordance with this Protective Order, (iii) the reporter and videographer, if any, and (iv) the deponent and deponent's counsel, if the deponent has separate legal counsel.  A witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL or ATTORNEYS' EYES ONLY if the document is first handed to counsel for the opposing party or parties ("opposing counsel") for inspection and either (i) the opposing counsel has no objection to the witness seeing the document, or (ii) the document indicates on its face that the witness has previously seen or has been sent the document, or (iii) the witness is within the category of persons entitled to see this type of information, pursuant to the provisions described above in sections 3(a) and (b), above.  If opposing counsel objects, opposing counsel will have the option to do any one or a combination of the following things:  (i) request that the deponent sign a declaration containing the wording specified in Exhibit A to this Agreement, (ii) note the objection for the record, and/or (iii) recess the deposition so that the matter can be brought before the Court for determination.  Any party shall have until thirty (30) days after the deposition is taken within which to inform the other parties to the action of the portions of the transcript (by specific page and line reference) to be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Unless otherwise agreed by counsel, the right to make such designation shall be waived unless made within the thirty (30)-day period.  Prior to such designation, or expiration of the thirty (30)-day period, the entire deposition transcript shall be deemed CONFIDENTIAL information.  Transcripts of testimony, or portions thereof, or documents containing the CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be filed only under seal as described in Section 7, until further order of the Court.

4.     Inadvertent Production:  If, through inadvertence, a producing party provides any confidential information pursuant to this litigation without marking the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information, or provides any information subject to a claim of attorney-client privilege, attorney work product or other privilege or immunity, the producing party may, within fifteen (15) business days of such disclosure, inform the receiving party or parties of the CONFIDENTIAL or ATTORNEYS' EYES ONLY or privileged or immune nature of the disclosed information, and the receiving party or parties shall, as applicable, treat the disclosed information as CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Protective Order, and shall return all copies of assertedly privileged or immune documents (and destroy all summaries of same) within five (5) business days of receipt of written notice from the producing party, and to the extent the receiving party or parties has or have already disclosed this information, the receiving party or parties shall promptly notify the producing party as to the specific recipients of such information and shall take all reasonable steps to remove such information from said recipients unless, with respect to CONFIDENTIAL and ATTORNEYS EYES' ONLY information, they are otherwise entitled to disclosure under this Protective Order.

If a party or counsel for a party receives a document or other information that appears on its face to be inadvertently produced and subject to a claim of privilege, counsel for the receiving party will inform counsel for the producing party promptly after becoming aware of the disclosure.  The parties shall not use or reference any inadvertently produced information in any proceeding in this or any other matter.

5.     Disclosure Contrary to this Agreement:  If CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of

counsel for the producing party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

6.    <u>Disclosure Must Conform to this Agreement and Future Court Orders</u>: Unless modified by any future order issued by the Court, no person or party shall directly or indirectly utilize or disclose any CONFIDENTIAL or ATTORNEYS' EYES ONLY information obtained pursuant to pretrial discovery in this action, except for the purpose of this action and any appeals and retrials thereof, and such utilization or disclosure must be in compliance with this Agreement.

7.    <u>Instructions for Filing CONFIDENTIAL or ATTORNEYS' EYES ONLY Information</u>:  Any document, pleading, or tangible item which contains CONFIDENTIAL or ATTORNEYS' EYES ONLY information, if filed or submitted to the Court, shall be filed pursuant to Central District of California Local Rule 79-5.1 as follows:

(1)    If a party wishes to file a document that has been designated in its entirety as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

(i)    File and serve an Administrative Motion to File Under Seal, in conformance with Central District of California Local Rule 79-5.1, accompanied by a declaration establishing that the entire document is sealable;

(ii)    Lodge with the Clerk and serve a proposed order sealing the document;

(iii)    Lodge with the Clerk and serve the entire document, contained in an 8 ½-inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Local Rule 79-5.1 and prominently displaying the notation:  "DOCUMENT SUBMITTED UNDER SEAL";

1                       (iv)    A Notice of Manual Filing shall also be

2  electronically filed identifying the documents submitted under seal that were

3  manually filed.

4                       (v)    Lodge with the Clerk for delivery to the Judge's

5  chambers a second copy of the entire document, in an identical labeled envelope or

6  container.

7               (2)       If a party wishes to file a document that has been partially

8  designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY:

9                    (i)      File and serve an Administrative Motion to File

10  Under Seal, in conformance with Central District of California Local Rule 79-5.1,

11  accompanied by a declaration establishing that a portion of the document is

12  sealable;

13                   (ii)    Lodge with the Clerk and serve a proposed order

14  that is narrowly tailored to seal only the portion of the document which is claimed

15  to be sealable;

16                  (iii)    Lodge with the Clerk and serve the entire

17  document, contained in an 8 ½-inch by 11-inch sealed envelope or other suitable

18  sealed container, with a cover sheet affixed to the envelope or container, setting out

19  the information required by Local Rule 79-5.1 and prominently displaying the

20  notation: "DOCUMENT SUBMITTED UNDER SEAL."  The sealable portions of

21  the document must be identified by notations or highlighting within the test;

22                  (iv)    Lodge with the Clerk for delivery to the Judge's

23  chambers a second copy of the of the entire document, in an identical labeled

24  envelope or container, with the sealable portions identified;

25                  (v)    Lodge with the Clerk and serve a redacted version

26  of the document that can be filed in the public record if the Court grants the sealing

27  order.

28

(b)     <u>Effect of Seal</u>.  Unless otherwise ordered by the Court, any document filed under seal shall be kept from public inspection, including inspection by attorneys and parties to the action, during the pendency of the case and thereafter.  The Court's and chambers copy of sealed documents will be disposed of in accordance with the Court's rules.

(c)     <u>Conflict with Local Rules</u>.  In the event of any conflict between Section 7 of this Agreement and any applicable Local Rule (including but not limited to Central District of California Local Rule 79-5.1), the Local Rule shall apply.  In the event the Local Rules of the Central District of California are amended, the Parties will confer to decide if changes to the Agreement are necessary.

(d)     <u>Notice to Third Parties</u>.  The parties and their attorneys shall inform all witnesses, consultants, employees, agents, court reporters, or anyone else who may from time to time have access to any CONFIDENTIAL or ATTORNEYS' EYES ONLY information of the substance of this Order.

8.     <u>Acceptance of a Designated or Non-Designated Document Does Not Constitute Agreement with Its Designation or Non-Designation</u>:  Acceptance or receipt by a party or parties of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, or with no designation, shall not constitute a concession that the information, document or thing is properly so designated or not designated.  Any party may contest a designation that a document is CONFIDENTIAL or ATTORNEYS' EYES ONLY information (or a non-designation).  If the receiving party disagrees with the designation or non-designation, and marking by any producing party of any material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, then the parties shall first try to resolve such disputes on an informal basis.  If agreement cannot be reached between counsel, the party so designating the document shall indicate in writing the reason for its designation.  The party opposing the designation or non-designation

1    may present such dispute to the Court by motion or otherwise, however, any
2    challenges to document designation will need to be made in strict compliance with
3    Local Rules 36-1 and 36-2 (including the Joint Stipulation Requirement) of this
4    Court.  In the resolution of such matter, the burden of establishing confidentiality
5    shall be on the party who made the claim of confidentiality.
6            9.    Other Objections Preserved:  This Protective Order shall be without
7    prejudice to the right of any party to oppose production of any information on
8    grounds other than confidentiality.
9            10.    Right to Seek or Agree to Other Orders:  This Protective Order shall
10   not prevent any party from applying to the Court for relief herefrom, or from
11   applying to the Court for further or additional protective orders, or from agreeing
12   among themselves to modify or vacate this Protective Order, subject to the approval
13   of the Court.
14           11.    Return of Designated Information and Continued Agreement to
15   Confidentiality:  At the conclusion of this action, including any appeals, all
16   CONFIDENTIAL information and all ATTORNEYS' EYES ONLY information
17   furnished pursuant to this Protective Order, and all copies thereof, shall be returned
18   to the producing attorneys of record, or, at the producing party's option, destroyed
19   by counsel for the receiving party.  If the documents are to be returned, the
20   producing party will pay for the cost of shipping, using whatever shipping agent it
21   selects.  If the documents are to be destroyed, the producing party will be
22   responsible for engaging a service that it selects and pays to collect the documents
23   and destroy them.  Counsel for the receiving party is entitled to keep copies of
24   pleadings and correspondence used in this litigation, in a secure storage area subject
25   to the terms of this agreement.  The provisions of this Protective Order insofar as it
26   restricts the disclosure, communication of, and use of, CONFIDENTIAL and
27   ATTORNEYS' EYES ONLY information produced hereunder shall continue to be
28   binding after the conclusion of this action.

1        12.    Violation:  Any party to this action may file a motion requesting that

2    the Court sanction or hold in contempt of Court anyone who violates the terms of

3    this Order.

4

5    DATED: October 16, 2009          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                      ELENA R. BACA
6                                     JOHN R. GIOVANNONE

7

8                                     By:_____
                                               JOHN R. GIOVANNONE
9

10                                    Attorneys for Defendants
                                      AIG RETIREMENT ADVISORS, INC. and
                                      THE VARIABLE ANNUITY LIFE INSURANCE
11                                    COMPANY

12
     DATED: October 16, 2009          SCOTT COLE & ASSOCIATES, APC
13                                    SCOTT EDWARD COLE
                                      MATTHEW R. BAINER
14

15

16                                    By:_____
                                               MATTHEW R. BAINER
17

18                                    Attorneys for Plaintiff
                                      VETRA PERRY-ROMAN

19

20

21

22

23

24

25

26

27

28

1    12.    <u>Violation</u>: Any party to this action may file a motion requesting that

2    the Court sanction or hold in contempt of Court anyone who violates the terms of

3    this Order.

4

5    DATED: October 16, 2009        PAUL, HASTINGS, JANOFSKY & WALKER
                                     LLP
6                                    ELENA R. BACA
                                     JOHN R. GIOVANNONE

7

8                                    By: _____
                                              JOHN R. GIOVANNONE
9

10                                   Attorneys for Defendants
                                     AIG RETIREMENT ADVISORS, INC. and
11                                   THE VARIABLE ANNUITY LIFE INSURANCE
                                     COMPANY

12

13   DATED: October 16, 2009        SCOTT COLE & ASSOCIATES, APC
                                     SCOTT EDWARD COLE
                                     MATTHEW R. BAINER

14

15

16                                   By: _____
                                              MATTHEW R. BAINER
17

18                                   Attorneys for Plaintiff
                                     VETRA PERRY-ROMAN

19

20

21

22

23

24

25

26

27

28

CV09-2287 DOC (RNBx)                    -18-                AMND. STIPULATED CONFIDENTIALITY
                                                            AGREEMENT & AGREED PROTECTIVE
                                                            ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPENDIX A
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CASE NO. C08-05320 JSW

# DECLARATION

## OF

_____

1.       My name is _____. I have personal

knowledge of the facts set forth in this Declaration, and if called and sworn as a witness, I

would testify competently to those facts.

2.       I live at _____.

3.       I am employed as (state position): _____.

4.       The full name and address of my employer is: _____

_____

_____

_____

5.       I am aware that an Stipulated Consolidated Protective Order ("Protective Order")

regarding confidential information has been entered in the case of *Perry-Roman v. AIG*

*Retirement Advisors, Inc. et al.*, Case No. CV09-2287 DOC, in the United States District

Court for the Central District of California ("Court"). A copy of that Protective Order has

been given to me. I have carefully reviewed its terms and conditions.

6.       I agree that documents, information, and tangible items designated as

CONFIDENTIAL and ATTORNEYS' EYES ONLY shall be subject to the terms of the

Protective Order, and agree to comply with and be bound by the terms of the Protective

Order.

7.       Without limiting the foregoing, I agree that I will not disclose or discuss any

material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY with any persons

other than counsel for a party in the consolidated action and paralegal and clerical

personnel assisting such counsel, and other persons permitted access to such material

under the Protective Order who have signed declarations under penalty of perjury

undertaking to preserve the confidentiality of such material.

8.     I agree to use any material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY solely in connection with participation in this action and for no other purpose.

9.     I understand that any use of CONFIDENTIAL and ATTORNEYS' EYES ONLY material, or any portion or summaries thereof, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order shall subject me to contempt sanctions of the Court.

10.    I consent to the exercise of personal jurisdiction over me by the Court.

11.    I declare under penalty of perjury under the laws of the State of _____ and United States of America that the foregoing declaration is true and correct.

Executed this _____day of _____, 200__, at _____, _____.


_____
Signature

LEGAL_US_W # 62941369.1

AMND. STIPULATED CONFIDENTIALITY AGREEMENT & AGREED PROTECTIVE ORDER